UNITED STATES BANKRUPTCY COURT
Northern District of California

In re:

Douglas Martin Cates

Case No.

Chapter 13 Plan

_____/
Debtor(s)

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of $600 each month.

   Initial attorneys fees are requested in the amount of $4,600.    ☐ Debtor(s) elect a voluntary wage order.

2. From the payments received, the Trustee will make disbursements as follows:
   (a) On allowed claims for expenses of administration required by 11 U.S.C. Sec. 507(a)(2) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

   | Name | Value of Collateral | Estimated Mortgage/ Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If specified) |
   |---|---|---|---|---|
   | Commonwealth Central CU | 22,500 | n/a | 225 | 5.00% |

   [The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of paragraph 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 U.S.C. Sec. 507.
   (d) On allowed general unsecured claims as follows:
   X at a rate of zero cents on the dollar. The estimated term of the plan is 54 months. (Percentage Plan)
   __ the sum of $_____ payable over ____ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in paragraph 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The debtor(s) elect to reject the following executory contracts or leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).

4. The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:

   | Name | Monthly Payment | Name | Monthly Payment |
   |---|---|---|---|
   | SunTrust Mortgage | $1,375 | | |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The Debtor(s) elect to have property of the estate:
   X revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   __ revest in the debtor(s) upon plan confirmation. Once property revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose, pursuant to 11 U.S.C. Sec. 1322(b): Chase Home Equity is not the holder of a secured claim with regard to Debtor's residence located at 14662 Big Basin Way #A, Saratoga CA 95070 (valued at $500,000), and the rights of said creditor (and its successor, agent, and assign, if any) shall be modified to void its lien encumbering Debtor's said real property. Debtor shall file a motion to value and avoid said lien. If the motion is denied, Debtor shall modify this plan to provide for this claim as secured and provide for any pre-petition arrears. The Trustee shall disburse no funds on arrears claims to said creditor and Debtor shall make no further payments on said loan, except in the event that a subsequent modified plan so requires.

Dated: 3/11/11

_____
Debtor, Douglas Martin Cates

Rev. 12/06